**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION, et al.,** ) | **CASE NO. 1:17 CV 869** |
| ) | |
| **Plaintiffs,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **REPAIR ALL PC, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

On May 26, 2017, the Court held a hearing on the following subjects: service of process and the merits of the TRO against Defendants Lalit and Roopkala Chadha and I Fix PC d/b/a/ Techers247.[1] Prior to the hearing, the Chadhas and the FTC both filed motions on the service issue: the Motion to Dismiss for Insufficient Service of Process filed by Defendants Lalit and Roopkala Chadha (**Doc #: 29** ("the Chadhas' Motion")) and Plaintiff FTC's Motion for Leave to Serve Defendants Lalit Chadha, Roopkala Chadha, and I FIX PC d/b/a Techers247, by Alternative Service of Process (**Doc #: 33** ("the FTC's Motion")). At the hearing, the Court **denied** the Chadhas' Motion and **granted** the FTC's Motion, summarizing these rulings. However, to explain the rulings in further detail, the Court issues this Opinion and Order.

**I.**

On April 24, 2017, the FTC brought this action *ex parte* seeking a temporary restraining order ("TRO") with an asset freeze and appointment of a Receiver, and an order to show cause

---

[1]All other Defendants have stipulated to an extension of the TRO to June 22, 2017 at which time the Court will hold a preliminary injunction hearing.

why a preliminary injunction should not issue against six individual Defendants and seven related entities. (Doc #: 4.) The FTC alleged that the Defendants formed a common enterprise through which they operated a complex, fraudulent scheme that tricked unsuspecting American consumers into spending money to fix non-existent problems with their computers. That same day, the Court granted the *ex parte* TRO based on a wealth of documentary evidence against the Defendants, appointed a Receiver, and scheduled a Preliminary Injunction Hearing on May 9, 2017 (Doc #: 9), later continued to May 10, 2017 (Doc #: 10).[2] The Court subsequently granted the FTC's motion to lift the seal on the case and place all filings on the public record, presumably to serve the Defendants with the Complaint and TRO. (Respectively, Doc ##: 12, 13.)

On April 27, 2017, the FTC successfully served Individual Defendants Jessica Marie Serrano, Dishant Khanna, and related entities Repair All PC, LLC, Pro PC Repair, LLC and I Fix PC, LLC in Ohio (respectively, Doc ##: 40, 41, 39, 38, 37), Individual Defendant Mohit Malik and related entities Webtech World, LLC and Online Assist, LLC in New Jersey (respectively, Doc ##: 42, 43, 44), and Individual Defendant Romil Bhatia and related entity Datadeck, LLC in Canada (respectively, Doc ##: 35, 45). The FTC failed, however, in its attempts to formally serve Individual Defendants Lalit and Roopkala Chadha at their residence in Ontario, Canada, which the Chadhas also listed as the principal place of business and mailing address for related entity Techers247.

---

[2]Because District Judge Dan A. Polster, to whom the case was assigned by random lot, was overseas at the time the *ex parte* documents were filed, District Judge Christopher A. Boyko reviewed the filings and granted the *ex parte* TRO. Judge Polster returned to chambers on May 8, 2017, and has adjudicated the case since then.

Nonetheless, the Chadhas, who have been in regular communication with the FTC via email and telephone since the case was unsealed, claim to have left Canada in March of this year to take care of a sick family member and expect to be there for another 6 to 8 months. Lalit Chadha advised the FTC that the best way to communicate with him and Roopkala is through email, and the FTC has emailed all the case documents to them at their email address. According to the FTC, Lalit Chadha told the FTC that he and his wife would waive service of process if the FTC sent them the appropriate forms. Although Lalit Chadha acknowledged receipt of the forms, the Chadhas never signed and returned them.

On May 4, 2017, the Court converted the May 10 Preliminary Injunction Hearing into a teleconference and, upon consideration of notice filed by counsel for the Ohio Defendants and for good cause shown, rescheduled the Preliminary Injunction Hearing on May 26, 2017 and extended the TRO through May 26, 2017. (Doc ##: 17, 18.)

On May 8, 2017, counsel filed notices of appearance for all Defendants except the Chadhas. However, on Monday, May 10, 2017, just prior to the scheduled teleconference, Cleveland Attorneys Peter Turner and Kinsey McInturf of the law firm Meyers, Roman, Friedberg & Lewis entered their appearance as counsel of record for the Chadhas. (Doc #: 26.) All counsel participated in the May 10 teleconference. At that time, FTC counsel Fil M. de Banate reported that he had discussions with counsel for the Ohio and New Jersey Defendants regarding a stipulated preliminary injunction and expected to present a proposed order to them for their consideration shortly. He offered to do the same with counsel for the other Defendants who just filed notices of appearance. The Court noted that, if all agreed to an extension of the TRO and a continuance of the Preliminary Injunction Hearing to a date certain, the Court would

grant it. On May 19, 2017, all Defendants except the Chadhas filed an unopposed motion for extension of the TRO and preliminary injunction hearing to June 22, 2017, which the Court granted. (Respectively, Doc ##: 31, 32.)

On that same date, the Chadhas filed a Motion to Dismiss for Insufficient Service of Process, arguing that, because they are Indian citizens located in India, service can only be perfected upon them pursuant to the Hague Convention Because they were not properly served, the Court lacks personal jurisdiction over them and cannot enter a preliminary injunction against them. (Doc #: 29.) The FTC responded with its own motion, i.e., a Motion for Leave to Serve Defendants Lalit Chadha, Roopkala Chadha, and I Fix PC, d/b/a Techers247, by Alternative Service of Process. (Doc #: 33.) The FTC contended that the Court can and should authorize service on the Chadhas through their Cleveland counsel by electronic mail, fax, registered mail, or courier service. (Id.) And, because the Chadhas are the only two partners and agents responsible for Techers247, the Court should authorize service on Techers247 via counsel as well. (Id.)

As the Chadhas were the only Individual Defendants who did not agree to an extension of the TRO and Preliminary Injunction Hearing, the Court held a teleconference on May 23, 2017 with FTC counsel, counsel for the Chadhas, and Lalit Chadha himself to determine the protocol for the May 26 hearing. It was decided that the Court would first deal with the parties' motions and then proceed to the merits. Counsel were advised to be prepared for an evidentiary hearing on all matters and to bring their clients and witnesses.

**II.**

The requirement of proper service of process "is not some mindless technicality." *Studio A Entm't, Inv. v. Active Distribs., Inc.*, No. 1:06 CV 2496, 2008 WL 162785, at *2 (N.D. Ohio

Jan. 15, 2008) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). The Sixth Circuit and other circuits have held that the service of a summons and complaint "must meet constitutional due process and the requirements of the federal rules in order for jurisdiction to exist over a defendant." *Id*. (citing *German Free State of Bavaria v. Toyobo Co.*, No. 1:06-cv-407, 2007 U.S. Dist. LEXIS 19828, at *11–12 (W.D. Mich. Mar. 20, 2007).

Rule 4(f) of the Federal Rules of Civil Procedure governs international service of process on foreign individuals. Rule 4(f)(1) allows for service "by any internationally agreed means reasonably calculated to give notice," which typically contemplates service authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Under Rule 4(f)(2), if there is no internationally agreed means, or when the international agreement provides for "other" means of service, then service may be effectuated by, *inter alia*, laws of the foreign country, or registered mail by the Clerk of Courts unless prohibited by the laws of the foreign country. Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) "must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004); *FTC v. 247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013); *SEC v. Anticevic*, No. 05 Civ. 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009). Rule 4(f)(3) empowers the court with flexibility and discretion to fit the manner of service utilized to the facts and circumstances of the particular case. *Anticevic*, 2009 WL 361739, at *.3

"Notably, it has been held that there is no requirement that a party first exhaust the other methods contemplated in Rule 4(f) subsections (1) and (2) before petitioning the court for permission to use alternative means under Rule 4(f)(3)." *Studio A Entm't*, 2008 WL 162785, at \*3; *see also Rio Props.*, *Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (explaining that Rule 4(f) does not denote any hierarchy or preference of one method over another). The task of determining whether a given case requires alternate service of process "is placed squarely within the sound discretion of the district court." *Id*. (*quoting Williams v. Advert. Sex LLC*, 231 F.R.D. 483, 486 (N.D. W. Va. 2005), in turn citing *Rio Props.*, 284 F.3d at 1016); *Sadis & Goldberg, LLP v. Banerjee,* No. 14-CV-913-LTS, 2017 WL 1194476, at \*3 (S.D.N.Y. Mar. 30, 2017) *(quoting U. S. v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 266 (S.D. N.Y. 2012).

While a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3), a district court may nonetheless require parties to show that they have reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the district court's intervention is necessary. *PCCare247*, 2013 WL 841037, at \*3; *Rio Props*., 284 F.3d at 1015 (9th Cir. 2002) ("[T]he Advisory Notes [to Rule 4] suggest that in cases of 'urgency,' Rule 4(f)(3) may allow the district court to order a 'special methods of service,' even if other methods remain incomplete or unattempted."); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D. N.Y. 2010) (stating that district courts may impose a threshold requirement for parties to meet before seeking the court's assistance.)

"The chosen method of service of process, however, must also comport with constitutional notions of due process." *Studio A Entm't, Inc.*, 2008 WL 162785, at *3. To meet this requirement, the method of service must be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 314, 314 (1950)).

The Chadhas argue that the Court does not have jurisdiction over them because the FTC has not perfected service upon them in India pursuant to the Hague Convention. The Chadhas are currently located in India, which is a signatory to the Hague Convention. The Hague Convention requires signatory countries to establish a Central Authority through which to receive requests for service of documents from other countries, and to serve those documents by methods compatible with the internal laws of the receiving state. *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *11 (N.D. Cal. Jul. 1, 2011) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988)). Service through a country's Central Authority is the principal means of service under the Hague Convention. *Id.* Article 10 of the Convention also permits other forms of service, such as allowing signatory countries to "send judicial documents, by postal channels, directly to persons abroad," provided that the state of destination does not object. *Id.* (citing Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Convention"), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765, Art. 10). India has objected to Article 10; consequently, the FTC cannot serve judicial documents upon the Chadhas by postal channels. *Richmond Techs.*, 2011 WL 2607158, at *11.

The FTC, which has apprised the Chadhas of every filing, teleconference and hearing in this case by email and telephone, now asks the Court, pursuant to Rule 4(f)(3), to allow it to serve the Chadhas and their related entities (Defendants I Fix PC d/b/a Techers247) through their Cleveland counsel. The question then is whether service of the Indian Defendants by alternative service on their Cleveland attorneys under Rule 4(f)(3) runs afoul with the Hague Convention. The short answer is no.

Numerous courts have held that a signatory country's objection to Article 10 is specifically limited to the means of service enumerated in Article 10. *See, e.g., PCCare247*, 2011 WL 2013 WL 841037, at *3; *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *In re LDK Solar Sec. Liti.*, No. C07-05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. Jun. 12, 2008) (permitting alternative service of Chinese defendants via their U.S. office under Rule 4(f)(3), despite China's objections to Article 10, because the service requested did not involve service by "postal channels"); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting alternative service by email, but not international mail, for defendants in countries that objected to Article 10 of the Hague Convention); *Lexmark Int'l Inc. v. INK Techs. Printer Supplies, LLC*, 295 F.R.D. 259, (S.D. Ohio Dec. 2, 2013) (permitting service by email, despite China's and Poland's objections to Article 10 of the Hague Convention, where email is reasonably calculated to reach the defendants); *Medical Protective Co. v. Center for Advanced Spine Techs., Inc.*, No. 1:14-cv-005, 2014 WL 12653861, at * (S.D. Ohio Jan. 13, 2014) (permitting alternative service by email of Pakistani defendant because email service is not prohibited by the Hague Convention). *But see Agha v. Jacobs*, No. C 07-1800 RS, 2008 QL 2051061, at *1–2 (N.D. Cal. May 13, 2008)

(finding email and fax indistinguishable from "postal channels" and denying motion to serve German defendants by email or fax based on Germany's objection to Article 10 of the Hague Convention).

The FTC asks the Court to allow service through the Chadha's Cleveland counsel. There are numerous cases where courts have permitted service through U.S. counsel despite the foreign signatory's objection to Article 10 of the Hague Convention. *See, e.g., SEC v. Jammin Java Corp.*, No. 2:15-cv-08921-SVW-MRW, 2016 WL 6650849, at * (C.D. Cal. Apr. 21, 2016) (permitting alternative service of Swiss defendant through its U.S. counsel where the attorney was consulted regarding the lawsuit and is in contact with the client); *Dyer v. Can-Truck, Inc.*, No. 3:10 CV 1072, 2011 WL 2532871, at * (N.D. Ohio Jun. 24, 2011) (permitting service by emailing Canadian company's counsel in Cleveland, Ohio because it did not involve a transmittal abroad); *Marlabs Inc. v. Jakher*, No. 07-cv-04074 (DMC)(MJ), 2010 WL 1644041, at * 3 (D. N.J. Apr. 22, 2010) (permitting alternative service of Indian defendant through its U.S. counsel); *Prediction Co. LLC v. Rajgarhia*, No. 09 Civ. 7459(SAS), 2010 WL 1050307, at * (S.D.N.Y. Mar. 22, 2010) (permitting alternative service of Indian defendant through its U.S. counsel); *FMAC Loan Receivables v. Dagra*, No. CIV.A.3:04 CV 701, 228 F.R.D. 531, 534–35 (E.D. Virginia June 10, 2005) (the Hague Convention does not apply where the plaintiff is requesting service on Pakistani defendant through his U.S. defense counsel under Rule 4(f)(3)); *Forum Fin. Group, LLC v. President, Fellows of Harvard College*, 199 F.R.D. 22, 23-24 (D. Maine Feb. 16, 2001) (permitting alternative service upon Russian defendant's U.S. counsel).

The Chadhas have cited *Midmark Corp. v. Janak Healthcare Private Ltd*., No. 3:14-cv-088, 2014 WL 1764704, at *3 (S.D. Ohio May 1, 2014) for the proposition that, when serving a

foreign defendant, the first method of service and the one preferred in most cases is service pursuant to international means, such as those authorized by the Hague Convention. *Midmark* notes, however, that the lack of an actual address for a defendant may justify service by email, and ignores the wealth of case law supporting the position that there is no hierarchy between the three provisions of Rule 4(f). *Id*. at *2.

The Court finds that the FTC has made a reasonable effort to effectuate service upon the Chadhas and their related entities at their home address, and the facts and circumstances of this case justify the Court's intervention. The record shows that, on April 26, 2017, the FTC hired a private process server to serve the Summons and Complaint on the Chadhas and Defendant Techers247 at the Chadhas' residence in Ontario, Canada, which the Chadhas also listed as the principal place of business and mailing address for Techers247. (Doc #: 33-1.) Although the process server tried to serve the Chadhas at 12:05 p.m. and 7:45 p.m., no one answered the door. (Id.) At approximately 9:37 a.m. on April 28, 2017, FTC Investigator John Vega called a telephone number identified in business records as being linked to Lalit Chadha. (Doc #: 33-2 ¶ 2.) Mr. Chadha answered the phone at which time Investigator Vega notified him of the pending lawsuit, which Mr. Chadha acknowledged. (Id.) When Investigator Vega asked where the FTC could serve him the case-related documents, Mr. Chadha acknowledged that he and his wife lived at the address in Ontario, Canada, where the process server tried to serve him, but that they were currently in India and plan to be there for 6 to 8 months to help his sick mother. (Id. ¶ 4.) He advised that the FTC could send all case-related documents to an email address that was identified in business records, so that he and his wife could review them. (Id.) When Mr. Chadha began to ask Investigator Vega questions about the case, Mr. Vega told him that he

would have to call him back. (Id. ¶ 5.) Mr. Vega conveyed this conversation to FTC counsel de Banate, and memorialized it in an email. (Doc #: 33-2 at 5.) The record reflects numerous subsequent email exchanges and telephone calls between Attorney de Banate and Mr. Chadha about this case and the upcoming May 26 Preliminary Injunction Hearing.. (See Doc ##: 33-3 through -5.) The Chadhas are now represented by counsel in Cleveland. Indeed, Mr. Chadha and his counsel participated in the Court's May 23 teleconference the purpose of which was to determine how to proceed with the May 26 hearing. Cleveland counsel filed the pending Motion to Dismiss on the Chadhas' behalf, and represented them on the merits at the May 26 hearing.

### III.

Given the emergency nature of this case, the FTC's attempts to serve the Chadhas at their home in Canada, Attorney de Banate's continual telephone calls and email exchanges in an effort to keep the Chadhas abreast of this case, and current representation of the Chadhas and their related entities by counsel, the Court finds that service of these Defendants by Cleveland counsel does not run afoul of the Hague Convention and is reasonably calculated to provide notice to their clients. Thus, the Court exercised its discretion under Rule 4(f)(3) to allow the FTC to serve the Chadhas and their related entities through email or their counsel.

Accordingly, the Court **denied** the Chadhas' Motion (Doc #: 29) and **granted** the FTC's Motion (Doc #: 33).

**IT IS SO ORDERED.**

                                   */s/ Dan A. Polster     May 31, 3017*
                                    **Dan Aaron Polster**
                                    **United States District Judge**